# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

Amalga Technologies Inc.,
5256 Bethel Reed Park
Columbus, OH 43220

Plaintiff

v.

U.S. Citizenship and Immigration Services
Leon Rodriguez, Director
425 I Street, NW,
Washington, DC 20536

Defendant

_____

Judge _____

Docket: 1:14-cv-1961

# COMPLAINT

# JURISDICTION

1. The Plaintiff, Amalga Technologies, Inc. ("Petitioner" or "Amalga"), is an IT consulting and software development company.

2. Defendant is a US Government entity.

3. The Jurisdiction of this Court is proper because the claims arise under the federal law, specifically the Administrative Procedure Act at 5 U.S.C. § 702 and the interpretation of the federal immigration laws.

4. Venue is proper under 28 U.S.C §1391(e) because Defendant is located and has its principal offices in this District.

# FACTS AND PROCEEDURES

5. Plaintiff, Amalga is an IT company providing computer-related services to its clients all over the United States.

6. Amalga filed an I-129 petition for a nonimmigrant worker on or about April 1, 2014 seeking to classify the beneficiary as an h1b specialty occupation worker.

7. The Labor Condition Application (LCA) certified by the Department of Labor was for a third party location at 6279 US 31, Charlevoix, MI 49720. The I-129 and petition letter provided a detailed itinerary disclosing that this was the location of Market Technologies with contractual placement via OtterBase Inc.

8. On May 14, 2014 USCIS issued a request for evidence (RFE) requesting further documentation to establish Amalga's right to control.

9. In response we submitted: Employment agreement; expanded position description letter; Confirmation letter from Market Technologies; Contract agreement with Otterbase; Purchase order for the beneficiary from Otterbase; Performance evaluations which also demonstrated that the position was not speculative and the beneficiary was already working at Market Technologies; Recent pay stub which confirms that beneficiary's tax treatment as an employee and also demonstrated the beneficiary was already working for Amalga; Organizational Chart which shows the complete company structure and the beneficiary's supervisory chain.

10. The petition was denied on June 19, 2014 on the basis that "the instant petition fails to demonstrate that there is a credible job offer with the end-client, Market Technologies, Inc. Also, the record has been determined to lack reliable evidence to establish that the petitioner's proffered position with the end-client is valid." *Denial* at page 5. Specifically, the denial inaccurately concluded and alleged without factual support that:

- The petitioner has not shown proof that there will be sufficient work available for the beneficiary to be engaged in, bearing reference to lacking a credible job offer with an end-client;
- The petitioner does not produce its own software and instead contract their employees out to firms for fulfillment of projects;
- The petitioner has not provided any documentation to show that the claimed end client has a project and to what business the end-client participates in;
- The petitioner did not include signed contractual agreements, statements of work, work orders and service agreement from the authorized officials of the ultimate end-client (Market Technologies, Inc.) companies where the work will actually be performed by the beneficiary. *Denial* at page 6.

## COUNT I

## USCIS VIOLATED ITS OWN REGULATIONS AND FAILED TO APPLY THE APPROPRIATE STANDARD OF EVIDENCE

11. Plaintiffs incorporate paragraphs 1 to 10.

12. It is well established that the evidence standard is that of preponderance, not clear and convincing. Further USCIS is required to consider all the evidence submitted.

13. The denial claims that there was not a bona fide offer of employment, but ignored the fact that a valid employment offer, executed employment agreement and the beneficiary was already employed by Amalga.

14. The denial failed to identify and consider all the evidence. The denial never acknowledged or accorded weight to the fact that the beneficiary was already employed with Amalga on F-1 OPT status at the time the petition was filed and a pay stub was submitted to support this fact.

15. The denial makes unsupported conclusions that are not factually based such as "The firm that has enlisted the beneficiary's duties is Market Technologies, Inc." *Denial* at page 3. The facts show that Amalga is the employer and assigns the beneficiary's work location and duties and Market Technologies contracts with Amalga for the beneficiary's services. The facts and evidence clearly show that Market Technologies has no direct relationship of any kind with the beneficiary.

16. Since Amalga provided sufficient evidence to demonstrate that it was more likely than not that the position was bonafide and the Amalga had the right to control, this denial indicates that for staffing companies, the standard of evidence is clear and convincing, demonstrating impermissible bias, and the creation of special rules/standards for staffing companies in violation of the APA.

## COUNT II

**USCIS ARBITRARILY AND CAPRICIOUSLY ISSUED THE DENIAL WITHOUT A VALID BASIS**

17. Plaintiffs incorporate paragraphs 1 to 16.

18. The denial claims to be based on the following:

- The petitioner has not shown proof that there will be sufficient work available for the beneficiary to be engaged in, bearing reference to lacking a credible job offer with an end-client;
- The petitioner does not produce its own software and instead contract their employees out to firms for fulfillment of projects;
- The petitioner has not provided any documentation to show that the claimed end client has a project and to what business the end-client participates in;
- The petitioner did not include signed contractual agreements, statements of work, work orders and service agreement from the authorized officials of the ultimate end-client (Market

        Technologies, Inc.) companies where the work will actually be performed by the beneficiary. *Denial* at page 6. However, these statements are not supported by the record, and thus cannot be used to support the denial. Specifically, the position was not speculative and there was a credible job offer as the beneficiary was already employed; second, whether or not Amalga has is own software or contracts out its employees is an irrelevant factor, its use as a basis for the denial indicates basis against staffing companies and the application of a "special standard" just for staffing companies; third, Amalga provided a signed letter from Market Technologies that also provided direct contact information if CSC felt the need to verify the document; lastly, contractual agreements, statements of work, work orders or service agreements are not the only documents accepted, and are not even required by statute, regulation or guidance. In fact USCIS guidance clearly states that they are not required at all. Confirmation letters are uniformly and regularly accepted and request by USCIS in the place of contractual documents.

19. USCIS denied this case arbitrarily and capriciously because it completely disregarded its own regulations, its own case law, and the plain facts in this case.

20. In effect, USCIS was attempting to hold plaintiffs to a new and novel standard of evidence and create a special standard for staffing companies which on its face indicates arbitrary and capricious behavior. *Kazarian v. USCIS*, 580 F.3d 1030, 1121 (9th Cir. 2009).

WHEREFORE, Plaintiffs respectfully request this Court:

1. Enter an order directing USCIS to approve this I-129 petition and promptly issue the notice to Amalga and the attorney of record;

2. Award reasonable attorney fees;

3. Expedite the processing of this complaint;

4. Any further relief which the court may deem appropriate.

Respectfully submitted,

s/ Dehai Tao
(MI bar: P46504)
(DC MI0070)
Dehai Tao, P.C.
24 Frank Lloyd Wright Drive, B1400
Ann Arbor, Michigan 48105
Tel: (734) 930-7300;
e-mail: dehai@dehaitao.com

**Certificate of Service**

       I hereby certify that on November 20, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the named defendants. I will send a copy of the Complaint and Summons, upon its electronic issuance by the Court, via Certified Mail with Return Receipt Requested to the following parties:

Eric H. Holder Jr., Attorney General
Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001

Ronald C. Machen Jr., US Attorney
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

Lori Scialabba, Acting Director
U.S. Citizenship and Immigration Services
425 I Street, NW, Washington, DC 20536

                                                 s/ Dehai Tao
                                                 (MI bar: P46504)
                                                 (DC MI0070)
                                                 Dehai Tao, P.C.
                                                 24 Frank Lloyd Wright Drive, B1400
                                                 Ann Arbor, Michigan 48105
                                                 Tel: (734) 930-7300;
                                                 e-mail: dehai@dehaitao.com